UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

SK FOODS, L.P.

        Debtor.

BRADLEY D. SHARP,                                CIV. NO. S-10-810 LKK

        Plaintiff,

           v.

SCOTT SALYER, et al.,

        Defendants.
_____/
IN RE:

SK FOODS, L.P.

        Debtor.

BRADLEY D. SHARP,                                CIV. NO. S-10-811 LKK

        Plaintiff,

           v.

SKF AVIATION, LLC, et al.,

        Defendants.
_____/

IN RE:

SK FOODS, L.P.

        Debtor.

BRADLEY D. SHARP,                                    CIV. NO. S-10-812 LKK

        Plaintiff,

           v.

SSC FARMS 1, LLC, et al.,                            O R D E R

        Defendants.

_____/

     This appeal arises from the Bankruptcy Court's entry of a preliminary injunction in three adversary proceedings pending against Appellants. Appellants are Scott Salyer and subsidiary or affiliate companies owned by him. Some of these companies are fellow debtors, and others are non-debtor entities. The Bankruptcy Trustee contends that the debtor entities have an equitable interest in three parcels of land and other assets held by the non-debtor entities. The Bankruptcy Court preliminarily enjoined the non-debtor entities from transferring or disposing of any of their assets, other than for specific reasons associated with the ordinary course of business, until after the resolution of the adversary proceedings. This court has jurisdiction pursuant to 28 U.S.C. § 158(a). For the reasons described below, the court affirms the Bankruptcy Court's order, although it somewhat modifies the preliminary injunction as it relates to the payment of attorneys' fees for the non-debtor entities.

////

2

# I. BACKGROUND

### A.   The Bankruptcy Action and The Parties

On or about May 7, 2009, SK Foods LP and RHM Industrial/Specialty Foods, Inc. (collectively, "debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, et. seq. See Excerpts of Record at DEF000003 ¶12 ("EOR"). The Bankruptcy Court appointed Bradley D. Sharp as the Trustee. EOR DEF000002 ¶1.

The debtors consist of several subsidiary companies owned by either Salyer, his daughters, or a trust set up in one of their names. See EOR DEF 000002-3; DEF000015-16. They include: Scott Salyer individually and as trustee for the Scott Salyer Revocable Trust, the Scott Salyer Revocable Trust, SS Farms, LLC, SSC Farms I, LLC, SSC Farms II, LLC, SSC Farms III, LLC, SSC Farming LLC, SK PM Corporation, SKF Canning, LLC, SK Foods, LLC, Blackstone Ranch Corporation, Monterey Peninsula Farms, LLC, Salyer Management Company, LLC, SK Farms Services, LLC, Sk Frozen Foods, LLC, SkF Aviation, LLC, and CSSS, L.P. dba Central Valley Shippers. See id.; Appellant's Opening Brief at 1 ("Brief").

### B.   The Adversary Proceedings

The Trustee filed seven adversary proceedings against the Appellants in 2009 and early 2010. Three of these are at issue in the present appeal. Sharp v. SSC Farms I, LLC et al., No. 09-2692-D ("the Quiet Title Action"); Sharp v. Salyer et al., No. 10-2014-D ("the Substantive Consolidation Action"); Sharp v. SKF Aviation, LLC, et al., No. 10-2016-D ("the Avoidance Action"). See EOR

1   DEF000001-DEF000082. Shortly thereafter, on February 4, 2010,

2   Salyer was arrested on charges of, *inter alia*, wire fraud and

3   racketeering. See Original Indictment, 2:10-cr-00061-LKK, ECF No.

4   1 (Feb. 4, 2010). Salyer is currently released on bail, awaiting

5   trial on the criminal charges. See Order, 2:10-cr-00061-LKK, ECF

6   No. 206 (Sept. 3, 2010).

7               **1.   The Quiet Title Action**

8       In the Quiet Title Action, the Trustee seeks title to three

9   parcels of real property that are recorded in the name of non-

10  debtor entities, SSC Farming, LLC, SSC Farms I, LLC, and SSC Farms

11  II, LLC, but for which the debtor entities claim an equitable

12  interest. EOR at DEF000003. The properties subject to the Quiet

13  Title Action are "The Westlands Water District Parcels," "The

14  Rogers Parcel," and "The Tiahart Parcel." EOR at DEF000004-

15  DEF000010. These parcels were purchased by debtor SK Foods so that

16  it could use the lands in order to discharge waste water that

17  resulted from the processing and readying of tomatoes and other

18  crops. EOR at DEF000003 ¶ 13. The Trustee alleges that debtor SK

19  Foods provided the funds necessary to purchase these lands, yet

20  that title was passed to one of the above-named Appellants for no

21  consideration. See EOR at DEF000005 ¶ 21, DEF000008 ¶ 33, DEF000010

22  ¶ 42.

23              **2.   The Substantive Consolidation Action**

24      In the Substantive Consolidation Action, the Trustee seeks to

25  substantively consolidate the assets and liabilities of the non-

26  debtor entities with the debtor estate. See FF at ¶4 and EOR at

DEF000014 (See generally EOR at DEF000013-DEF000069). The theory advanced by the Trustee in support of this action is that the financial affairs and identities of the non-debtor entities are entangled with those of the Debtor. Id. The Appellants in the Substantive Consolidation Action are Salyer, as Trustee of Scott Salyer Revocable Trust, SK PM Corp., SK Foods, LLC, SKF Canning, LLC, Scott Salyer Revocable Trust, Blackstone Ranch Corporation, Monterey Peninsula Farms, LLC, Salyer Management Co., LLC, SK Farms Services, LLC, SK Frozen Foods, LLC, SS Farms, LLC, SSC Farming, LLC, SSC Farms I, LLC, SSC Farms II, LLC, and SSC Farms III, LLC. EOR at DEF000015-DEF000016.

### 3.   The Avoidance Action

In the Avoidance Action, the Trustee seeks to recover assets that were asserted to be fraudulently or preferentially transferred from SK Foods to the non-debtor entities, SKF Aviation, LLC and CSSS, LP. See FF at ¶5 and generally EOR at DEF000070-DEF000082.

### C.   The Preliminary Injunction

At a status hearing on March 9 2010, counsel for the Trustee informed the Bankruptcy Court and counsel for Appellants that the Trustee intended to file that day "a motion for a preliminary injunction and to seek a temporary restraining order against transferring by any of these defendant entities outside of the normal scope of their business activities without the Court's permission." EOR at DEF000404-DEF000405.

The Trustee filed his motion that day and served Appellants' counsel via email. See FF at ¶ 11. The Trustee's motion was

1    supported by nine declarations and a request for judicial notice

2    of filings in the criminal case against Salyer.[1] FF at ¶ 12.

3    Appellants filed an opposition to the motion in the evening of

4    March 10, 2010. EOR at DEF000083 and FF at ¶ 13. As the Bankruptcy

5    Court had indicated at the March 9, 2010 proceeding, a hearing on

6    the Trustee's request for a temporary restraining order ("TRO") was

7    scheduled for March 11, 2010. See EOR at DEF000415. That hearing

8    was held as scheduled, and counsel for all parties participated.

9    FF at ¶ 14. The extremely foreshortened nature of the proceedings,

10   raise questions, if not of due process, at the very least of the

11   opportunity for all parties and indeed for the court itself to have

12   a thorough and careful review of the matters at issue.[2]

13       In any event, at the conclusion of the proceedings, the

14   Bankruptcy Court granted the requested TRO as to the three

15   adversary proceedings described above; the court denied the TRO as

16   to a fourth adversary proceeding and that case is not at issue in

17   this appeal. FF at ¶ 15; see also TRO/EOR at DEF000103-106.

18   Concurrently, the court also issued an Order to Show Cause

19   returnable a week later, on March 18, 2010, at 1:30 p.m., as to why

20   a preliminary injunction should not be entered. Id. Both parties

21   filed briefs and additional supporting evidentiary materials before

22

23       [1] If one were needed, this citation illustrates the intimate
     relationship between the bankruptcy proceedings and the criminal
24   case that is also on this court's calendar. That relationship
     requires a more careful and measured consideration than what
25   otherwise might be appropriate.

26       [2] Ordinarily, of course, this concern is mitigated by the fact
     that the TRO expires in two weeks.

the March 18, 2010 hearing. <u>See</u> FF at ¶¶ 16-17.

In addition to the documentary submissions (i.e., declarations, hearing transcripts, deposition excerpts, etc.), the Trustee presented live testimony at the March 18, 2010 hearing from Shondale Seymour ("Seymour"). <u>See</u> FF at ¶ 18. Seymour is the Chief Financial Advisor of the debtor entities and several non-debtor entities. Decl. of Shondale Seymour EOR at DEF000152. The Appellants cross-examined Seymour both on her live testimony and on the facts set forth in her declarations. FF at ¶ 18. Appellants also had the opportunity to cross-examine another of the Trustee's declarants, Lisa Crist, but declined to do so. <u>Id</u>. The Trustee also offered to make other declarants available, but the Appellants declined to request that these witnesses be made available at the hearing. <u>Id</u>.

The primary evidence relied upon by the Appellants in their opposition to the Trustee's preliminary injunction motion was the deposition testimony of Wayne Boos, an accountant who has done work for some of the Appellants. FF at ¶ 19. The Trustee requested that Appellants make Boos available at the preliminary injunction hearing, but he did not appear. <u>Id</u>.

Following the hearing, the Bankruptcy Court entered a preliminary injunction on March 20, 2010, enjoining the Appellants from "transferring, encumbering or moving to any location outside of California, except upon application to this Court with good cause shown, any and all assets that had been transferred to [Appellants] by or through SK Foods, including but not limited to

real property purportedly titled in the name of SSC Farming, LLC,
SSC Farms I, LLC, and SSC Farms II, LLC [the Appellants in the
Quiet Title Action], and all funds transferred to [Appellants] as
described in the Complaints" in the three relevant adversary
proceedings. EOR at DEF000107-DEF000109.

The injunction permitted the defendant entities to "make
payments in the ordinary course of business for regular salaries,
lease payments, mortgage payments or utilities that become due and
payable." EOR at DEF000109. Although payment of salaries was
permitted, the parties here agree that there was no provision for
the payment of attorneys fees, in this or any other case.

On April 5, 2010, the Bankruptcy Court issued findings of fact
and conclusions of law in support of its preliminary injunction
order. EOR at DEF000110-DEF000149. The court made 64 separate
factual findings in support of its conclusion that an injunction
was warranted.

On April 5, 2010, Appellants filed an appeal to this Court
from the Bankruptcy Court's March 20, 2010 preliminary injunction
order, and on June 23, 2010, Appellants filed their opening brief
in this appeal.

**D.   Subsequent Modification of the Preliminary Injunction**

On March 20, 2010, Appellants filed a motion to modify the
preliminary injunction in the Bankruptcy Court. Several hearings
were held in July 2010. On October 13, 2010, the Bankruptcy Court
modified the preliminary injunction to allow non-debtor entity SSC
Farming to sell certain real property and to allow SSC Farming to

pay the title company handling the sale to be paid from the sale proceeds. It also allowed SSC Farming to make the following payments from the proceeds for the months of August through December 31, 2010: (1) up to $15,500 for the salary of one caretaker and one farming manager, (2) up to $10,000 for the principal and interest for debt on property not for sale, and (3) up to $1,900 for gas, electric, water, and communications for farming operation. The Bankruptcy Court commanded that the remaining sale proceeds will be held in a separate account from which "no withdrawals will be made . . . without further order of the [Bankruptcy] Court." This modification does not allow for the non-debtor entities to pay attorneys' fees to their counsel.

Appellants have filed a notice of appeal of this decision insofar as their appeal of the original preliminary injunction was still pending before this court. It does not appear that their motion to modify the preliminary injunction was denied in any way by the Bankruptcy Court. Nonetheless, the court cannot determine with certainty the basis of Appellants' appeal because briefing on this appeal has yet to commence.

## II. STANDARD

The standard of review of bankruptcy court decisions by district courts is well-established, and uncontested in the instant action. See Appellants' Opening Brief re: Stay at 4; Appellants' Opening Brief re: Preliminary Injunction at 2; Appellee's Opening Brief re: Stay at 2-3. When reviewing decisions of a bankruptcy court, district courts apply standards of review applicable to the

1    courts of appeals when reviewing district court decisions. In re

2    Baroff, 105 F.3d 439, 441 (9th Cir. 1997); see also In re Fields,

3    No. CIV. S-09-2930 FCD, 2010 WL 3341813, *2 (E.D. Cal. 2010) ("A

4    district court's standard of review over a bankruptcy court's

5    decision is identical to the standard used by circuit courts

6    reviewing district court decisions.") (citation omitted).

7         The bankruptcy court's conclusions of law are reviewed de

8    novo. In re Sunnymead Shopping Center Co., 178 B.R. 809, 814 (9th

9    Cir. 1995) (citing In re Pecan Groves of Arizona, 951 F.2d 242, 244

10   (9th Cir. 1991)). District courts review the bankruptcy court's

11   findings of fact for clear error. In re Sunnymead Shopping Center

12   Co., 178 B.R. at 814 (citing In re Siriani, 967 F.2d 302, 303-04

13   (9th Cir. 1992)); see also Fed. R. Bank. P. 8013 ("Findings of

14   fact, whether based on oral or documentary evidence, shall not be

15   set aside unless clearly erroneous . . . .")

16        District courts review a "bankruptcy court's choice of

17   remedies . . . for an abuse of discretion, since it has broad

18   equitable remedial powers." In re Sunnymead Shopping Center Co.,

19   178 B.R. at 814 (citing In re Goldberg, 168 B.R. 382, 284 (9th Cir.

20   1994) (other citations omitted.). The Ninth Circuit has held that,

21   "Under this standard, 'a reviewing court cannot reverse unless it

22   has a definite and firm conviction that the court below committed

23   a clear error of judgment in the conclusion it reached upon a

24   weighing of the relevant factors." In re Sunnymead Shopping Center

25   Co., 178 B.R. at 814 (quoting In re Goldberg, 168 B.R. at 384).

26   With respect to review of a preliminary injunction, district

court's review a bankruptcy court's decision to grant or a deny the preliminary injunction and the scope of injunctive relief for an abuse of discretion. <u>See</u> <u>Southwest Voter Registration Educ. Project v. Shelley</u>, 344 F.3d 914, 918 (9th Cir. 2003) (citing <u>Walczak v. EPL Prolong, Inc.</u>, 198 F.3d 725, 730 (9th Cir. 1999)). Such review is "limited and deferential." <u>Shelley</u>, 344 F.3d at 918.[3]

### III. **ANALYSIS**

Appellants appeal the Bankruptcy Court's issuance of a preliminary injunction on four grounds. First, they contend that the Bankruptcy Court erred in prohibiting their assets to be posted for Salyer's bail. Second, they contend that two of the claims for which the Bankruptcy Court found the Trustee likely to succeed on the merits are legal claims, and not in equity, and therefore do not entitle the Trustee to a preliminary injunction. Third, they argue that the evidence submitted in support of the Trustee's claim to substantively consolidate the debtor and non-debtor entities was not sufficient to demonstrate a likelihood of success. Finally, they maintain that they were denied due process due to the expedited nature of the proceedings.

---

[3] It appears to this court quite odd that district courts review decisions of bankruptcy courts in this manner given that bankruptcy courts are a subsidiary division of district courts. It may be that the restricted standards of review are merely a way of protecting both courts from unnecessary repetition of frivolous contentions, and that in more serious matters district courts should not apply such a deferential review. Nonetheless, this court does not consider whether district courts may depart from this standard of review in unusual circumstances because all parties agree as to the applicable standard and there appears to be no support for that position, in any event.

**A.    Whether Assets May Be Used for Salyer to Post Bail**

Appellants appeal the Bankruptcy Court's order enjoining the use of assets to be posted for Salyer's bail. After this appeal was fully briefed, Salyer posted bail. While the parties did not brief mootness, the court must determine *sua sponte* whether it has jurisdiction over the appeal. A matter is moot "where no actual or live controversy exists." Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003); see also Cole v. Oroville Union High Sch. Dist., 228 F.3d 1092, 1098 (9th Cir. 2000). Because Salyer has posted bail and he is not threatened with an actual injury related to his ability to remain on bail, this issue is moot. Thus, there is no live issue concerning the Bankruptcy Court's order insofar as it prohibited the use of assets to post Salyer's bail.

**B.    Whether the Adversary Claims Are Purely Legal Claims**

The Bankruptcy Court found that the adversary claims for avoidance of fraudulent transfers and quiet title are claims in equity, and thus, the Trustee's likelihood of success on these claims could support a preliminary injunction. Appellants insist that these claims are legal claims for money and, consequently, cannot form the basis of a preliminary injunction.

**1.    Avoidance Action**

In the avoidance action, the Trustee seeks to recover assets that were fraudulently or preferentially transferred from debtor entities to non-debtor entities. The Ninth Circuit has held that, "where . . . a party in an adversary bankruptcy proceeding alleges fraudulent conveyance or other equitable causes of action" a

12

1   preliminary injunction freezing assets may issue. <u>In re Focus Media</u>
2   <u>Inc.</u>, 387 F.3d 1077, 1085 (9th Cir. 2004) (also holding that <u>Grupo</u>
3   <u>Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.</u>, 527 U.S.
4   308 (1999) does not bar issuance of a preliminary injunction in
5   these circumstances). Thus, the Bankruptcy Court did not err in
6   deciding that the avoidance action is equitable.

### 2.   Quiet Title Action

8       In the quiet title action, the Trustee seeks title to three
9   parcels of real property that are in the names of non-debtor
10  entities and, allegedly, purchased with debtor funds without
11  consideration.   The  Bankruptcy  Court  observed  that,  "if  the
12  defendants are permitted to sell their real estate, the Trustee
13  will have an inadequate remedy in his quiet title action." While
14  true, the little precedence on this issue demonstrates that quiet
15  title  claims  seeking  ejectment  may  be  legal  in  nature.  <u>See</u>
16  <u>Lancaster v. Kathleen Oil Co.</u>, 241 U.S. 551 (1916); <u>Whitehead v.</u>
17  <u>Shattuck</u>, 138 U.S. 146, 151 (1891). Nonetheless, the court declines
18  to decide this question. Specifically, it finds that the injunction
19  issued, i.e. to enjoin Appellants from "selling, transferring,
20  encumbering or moving to any location outside of California . . .
21  . any and all assets that had been transferred to [Appellants] by
22  or through SK Foods" is proper under the substantive consolidation
23  and avoidance actions alone. The quiet title claim is not necessary
24  to support the preliminary injunction. Thus, the court need not
25  decide whether the quiet title action is a legal or an equitable
26  claim.

C. **Whether the Evidence Supports the Bankruptcy Court's Finding that the Trustee is Likely to Succeed on the Merits of his Substantive Consolidation Claim**

The Bankruptcy Court found that the Trustee demonstrated a likelihood of success on the merits of his substantive consolidation claim after a detailed review of business records of the debtor and non-debtor entities and testimony of Seymour, Chief Financial Officer of the debtors and many of the non-debtor entities. Appellants contend that the Bankruptcy Court erred in finding a likelihood of success on the merits of this claim because it did not properly evaluate the evidence before it.

Ninth Circuit law on substantive consolidation is well-established. See In re Bonham, 229 F.3d 750 (9th Cir. 2000). Substantive consolidation allows bankruptcy courts to "consolidate[] assets [to] create a single fund from which all claims against the consolidated debtors are satisfied; duplicate and inter-company claims are extinguished; and the creditors of the consolidated entities are combined for purposes of voting on reorganization plans." Id. at 764 (internal citation omitted). The Circuit has explained that "[w]ithout the check of substantive consolidation, debtors could insulate money through transfers among inter-company shell corporations with impunity." Id.[4]

---

[4] Of course, it is equally true that an improper consolidation could result in the destruction of perfectly innocent non-debtor businesses. Thus, it would seem quite proper that the consolidation bludgeon be wielded with the utmost care and circumspection. While this court must confess some concern as to whether that was done in this case, it leaves that decision to the experienced Bankruptcy Court.

1    When deciding whether substantive consolidation is
2   appropriate, courts in the Ninth Circuit consider two factors: "(1)
3   whether creditors dealt with the entities as a single economic unit
4   and did not rely on their separate identity in extending credit;
5   or (2) whether the affairs of the debtor are so entangled that
6   consolidation will benefit all creditors." Id. at 766 (internal
7   quotation omitted). Either factor may constitute a sufficient basis
8   to order substantive consolidation. Id. "Consolidation under the
9   second factor, entanglement of the debtors affairs, is justified
10  only where the time and expense necessary even to attempt to
11  unscramble them [is] so substantial as to threaten the realization
12  of any net assets for all the creditors or where no accurate
13  identification and allocation of assets is possible." Id.

14    The parties dispute whether the Trustee only brings a claim
15  for substantive consolidation under the second factor or brings
16  such a claim under both factors. The court need not resolve this
17  dispute because it finds that, on the present record, the evidence
18  considered by the bankruptcy court is sufficient to demonstrate a
19  likelihood of success under the second factor. Thus, the Bankruptcy
20  Court did not abuse its discretion in preliminarily enjoining the
21  non-debtor entities.

22    Appellants raise several challenges to the evidence relied
23  upon by the Bankruptcy Court. The court will address each in turn.
24  First, they assert that Seymour's testimony contradicts the
25  Trustee's theory for substantive consolidation. In essence, they
26  argue that the entanglement theory is defeated because Seymour was

1  able to identify specific transfers of funds between debtor and
2  non-debtor entities. Perhaps, Seymour's identification of specific
3  transactions could demonstrate that identification and allocation
4  of assets is possible. However, the evidence she submitted
5  demonstrates a fair chance on the success on the merits of the
6  claim that the time and expense necessary even to attempt to
7  unscramble them is so substantial as to threaten the realization
8  of any net assets for all the creditors. See FF at 14-27. Evidence
9  of specific transactions does not defeat the Trustee's claim, but
10 rather may be seen as supporting the degree of entanglement of the
11 debtor and non-debtor entities. Seymour nowhere indicated that her
12 descriptions of transactions were exhaustive. Instead, she revealed
13 numerous transactions that suggest that the Trustee will be able
14 to prove that the substantive consolidation is warranted. Again,
15 it is important to recognize that this opinion deals with the
16 preliminary order, and while there clearly is room to debate, the
17 court cannot find the Bankruptcy Court's evaluation of the
18 preliminary evidence faulty.

19      Second, Appellants contend that the Bankruptcy Court wrongly
20 ignored the testimony of Wayne Boos, a certified public accountant
21 who performed financial, estate planning, and tax work for many of
22 the non-debtor entities. While Boos submitted a declaration in
23 opposition to motion for a preliminary injunction, for whatever
24 reason Appellants did not produce him to testify at the hearing.
25 They presented no argument as to their failure to produce him to
26 the Bankruptcy Court or in the papers on appeal. All of that

suggests that the Appellants' reliance on the declaration was misplaced. In sum, the Bankruptcy Court's failure to credit the declaration was not an abuse of its discretion.

Third, Appellants maintain that the Bankruptcy Court's finding that Seymour was credible and possessed knowledge relevant to this claim was erroneous. The determination of credibility is factual in nature and is accorded due deference. See <u>Anderson v. City of Bessemer</u>, 470 U.S. 564, 573-74 (1985) (discussing clearly erroneous review). Here, the Bankruptcy Court considered the depth of Seymour's testimony. It found that her testimony at the hearing demonstrated her knowledge of the matters relevant to this claim. The court finds no basis for clear error on this determination.[5]

For the reasons discussed above, the Bankruptcy Court did not err in finding a likelihood of success on the Trustee's claim for substantive consolidation.

### D.   Appellants' Due Process Concerns

Appellants contend that their due process rights were denied because of the expedited nature of the preliminary injunction proceedings. While this court has already noted concern about the foreshortened nature of the proceedings, concern does not automatically equate with reversible error, even if this court might have proceeded in a different manner. I now turn to the issue tendered.

---

[5] This is not to say that there may not be conduct in the criminal proceedings which may suggest motives for Seymour's cooperation with the Trustee. Again, this is a matter in the first instance for the Bankruptcy Court.

1    First, to the extent that the Appellants are challenging the

2  temporary restraining order ("TRO") proceedings, such challenges

3  do not lie because the TRO is no longer in effect being superceded

4  by the preliminary injunction. <u>See</u> FF ¶¶ 9-11.

5    Second, Appellants challenge whether the week between the

6  issuance of the TRO and the hearing on the preliminary injunction

7  violated their due process rights. Specifically, they contend that

8  they could not adequately oppose the motion for a preliminary

9  injunction in the week because they were unable to communicate with

10 Salyer or review any documents in Salyer's possession. While the

11 court finds this situation troubling, it nonetheless cannot

12 determine that it violated due process. Under Federal Rule of Civil

13 Procedure 65(b)(2), a TRO must expire within fourteen (14) days

14 after it is issued "unless before that time the court, for good

15 cause, extends for a like period or the adverse party consents to

16 a longer extension." At no time did Appellants seek an extension

17 of the TRO in order to prepare their defense. Thus, absent a

18 request for an extension of the TRO, courts must rule on motions

19 for preliminary injunctions within fourteen days of the issuance

20 of a TRO. Further, after the issuance of a preliminary injunction,

21 the bound parties may move to modify or dissolve the preliminary

22 injunction upon discovery of evidence supporting its modification

23 or dissolution. While the existence of the criminal proceeding

24 should counsel caution, Appellants' due process argument must

25 ultimately be that holding the hearing on the preliminary

26 injunction one week after the issuance of the TRO rather than two

weeks after the issuance of the TRO violated their due process rights. Appellants have presented no argument or any evidence to support a contention that an addition week would have somehow affected their ability to oppose the motion for a preliminary injunction. Thus, it does not appear that the Appellants due process rights were violated.

Nonetheless, even if Appellants' due process rights were violated, they have waived this argument. The Ninth Circuit has declined to consider arguments made on appeal which a party did not assert before the bankruptcy court. Sigma Micro Corp. v. Healthcentral.com, 504 F.3d 775, 789 (9th Cir. 2007) (citation omitted); see also In re Rains, 428 F.3d 893, 902 (9th Cir. 2005) (holding that Appellant "waived his due process claim by failing to raise it properly before either the bankruptcy court or the district court"); Levitt v. Levitt, 2007 WL 1651062, at *4 (E.D. Cal. June 5, 2007) (declining to "consider theories asserted for the first time on appeal" which "were never directly or properly raised at the bankruptcy court level[ ]"), aff'd unpub'd opinion, Levitt v. Maxwell-Stratton, 310 Fed. Appx. 127, 128 (9th Cir. 2009) (citation omitted) (finding that "district court properly declined to considered [certain] issues raised by [appellant] because he did not raise them before the bankruptcy court[].").

Here, the Bankruptcy Court noted that, "All Defendants voluntarily appeared in this proceeding, filed opposition papers and introduced evidence, and at no time did the Defendants raise any objection to this Court's jurisdiction or ability to hear the

1  Trustee's motion." FF at 27. Appellants have not presented any

2  evidence that contradicts the Bankruptcy Court's description of

3  their conduct. Thus, the court finds that Appellants have waived

4  their due process claims.

5       **E.   Payment of Attorneys' Fees for Non-Debtor Entities**

6       At the hearing on this appeal, counsel for the non-debtor

7  entities informed the court that she and her colleagues have not

8  been paid for their work on this case. The parties agreed that it

9  would be proper for the court to address this issue in its order

10 on the appeal of the preliminary injunction, even though it was not

11 raised before the Bankruptcy Court. The court recognizes that the

12 payment of attorneys' fees for the non-debtor entities is not

13 permitted under the preliminary injunction issued by the Bankruptcy

14 Court. The non-debtor entities, however, must be represented by

15 counsel. See E.D. Cal. Local Rule 183(a). The court is aware that

16 the Bankruptcy Court has a procedure through which counsel for

17 debtor entities may recover attorneys fees. Given that the court

18 affirms the Bankruptcy Court's finding of a likelihood of success

19 on the merits that the non-debtor entities should be substantively

20 consolidated with the debtor entities, and thus be debtor entities

21 themselves, the court finds it appropriate to amend the preliminary

22 injunction to allow for counsel for the non-debtor entities to

23 apply for attorneys' fees and costs in the same manner in which

24 counsel for debtor entities may.[6] The court instructs the

25

26      [6] The court is in no way authorizing the payment of Salyer's
   attorneys' fees for his criminal defense with assets in the

1 Bankruptcy Court, on remand, to so amend the preliminary injunction

2 and to issue any orders necessary to implement the amendment.

3 **IV. CONCLUSION**

4     For the foregoing reasons, the court AFFIRMS the Bankruptcy

5 Court's issuance of a preliminary injunction except insofar as the

6 injunction prevents counsel for the non-debtor entities to recover

7 fees and costs. Thus, the court INSTRUCTS the Bankruptcy Court, on

8 remand, to amend the injunction to allow counsel for non-debtor

9 entities to recover fees and costs in the same manner in which

10 counsel for debtor entities recover fees and costs.

11     IT IS SO ORDERED.

12     DATED:  December 9, 2010.

13

14

15

16 LAWRENCE K. KARLTON

    SENIOR JUDGE

17     UNITED STATES DISTRICT COURT

18

19

20

21

22

23

24

25

---

26 possession of the non-debtor entities.